JUSTICE COTTER
specially concurs.
¶33 I concur in the Court’s Opinion, but not in all that is said in the Court’s discussion of Issue One. The United States Supreme Court *127 held in Blakely v. Washington, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004), that “‘[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt’ ’’(emphasis added) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000)). Relying on Blakely, we held in State v. Vaughn, 2007 MT 164, ¶ 50, 338 Mont. 97, 164 P.3d 873, overruled in part on other grounds, Whitlow v. State, 2008 MT 140, ¶ 18 n. 4, 343 Mont. 90, 183 P.3d 861, that the factual determination of the existence of a prior conviction may properly be made by the sentencing court rather than a jury.
¶34 Covington does not argue that the court’s finding that he had two prior robbery convictions was erroneous. Moreover, he has failed to advance any logical or constitutional justification for his contention that a jury determination of his convictions is necessary, and has failed to persuade that we should overturn Vaughn or ignore Blakely. I would affirm on this basis and end the discussion there.
¶35 I otherwise concur.
JUSTICE NELSON joins the Special Concurrence of JUSTICE COTTER.